IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN ATHEISTS, INC., ) | |
| a non-profit corporation a/k/a ) | |
| AMERICAN ATHEISTS, ) | |
| and JANE DOE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| ) | |
| ERIC WATSON, Sheriff of Bradley ) | TRO, PRELIMINARY AND |
| County, Tennessee, and BRADLEY ) | PERMANENT REQUESTED |
| COUNTY, TENNESSEE, ) | |
| ) | |
| Defendants ) | |

**VERIFIED COMPLAINT**
**(CLAIM OF UNCONSTITUTIONALITY)**

Plaintiff, AMERICAN ATHEISTS, INC. a/k/a AMERICAN ATHEISTS and JANE DOE, a pseudonym, bring suit against Defendant ERIC WATSON, Sheriff of Bradley County, Tennessee and BRADLEY COUNTY, TENNESSEE under the Civil Rights Act, 42 U.S.C. § 1983 and its related remedial provisions for violating and depriving them of their rights under the First Amendment to the United States Constitution by favoring a particular religious point of view and by suppressing speech with which one or both Defendants disagreed and which BRADLEY COUNTY, Tennessee officials, aware of the issues, refused to correct. Plaintiffs request that the Court enter a Temporary Restraining Order, a Preliminary Injunction, and a Permanent Injunction enjoining Defendants from violating their

1

First Amendment rights. The precise injunctive relief requested is set forth in the Prayer for Relief. Plaintiff also seek damages, attorney's fees, and other relief.

## JURISDICTION AND VENUE

1. This cases arises under the First Amendment to the Constitution of the United States and presents a federal question within this court's jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a) (1), (3) and (4). The Court has jurisdiction to award costs and reasonable fees to prevailing Plaintiffs under 42 U.S.C. § 1988.

2. This is an action to remedy and redress deprivations, actual and imminent, under color of law, of individual rights secured to Plaintiffs by 42 U.S.C. § 1983, and the First and Fourteenth Amendments. This is an act for injunctive relief under 28 U.S.C. § 1343 and Rule 65 of the Federal Rules of Civil Procedure.

3. Venue is proper in this district court and judicial district pursuant to 28 U.S.C. § 1391 because it is the district where all defendants reside and all defendants reside in this State and because all or substantial parts of the events or omissions giving rise to this action occurred.

## PARTIES

4. Plaintiff AMERICAN ATHEISTS, INC. is a New Jersey nonprofit corporation with its principal office in Cranford, New Jersey. It commonly is known by and uses the name AMERICAN ATHEISTS and is a national nonprofit organization under IRS Code 501(c)(3) (26 U.S.C. § 501 (c )(3)). AMERICAN ATHEISTS defends the First Amendment and acts to keep government from

unconstitutionally favoring religion or religious purposes. AMERICAN ATHEISTS has more than 400 members in Tennessee. Plaintiff AMERICAN ATHEISTS is within the jurisdiction of the United States and this court.

5. Plaintiff JANE DOE has lived in and has resided in Bradley County, Tennessee for more than a decade. She is a citizen of the United States and within this Court's jurisdiction. Plaintiff JANE DOE fears that using her real name in this lawsuit will subject her to ridicule and possible retaliation. Certain exhibits identifying Plaintiff JANE DOE by name are filed under seal.

6. Defendant ERIC WATSON is the Sheriff of BRADLEY COUNTY, TENNESSEE. The Tennessee Constitution, Art. VII, § 1, provides for the election of county officers including Sheriffs.

7. Defendant BRADLEY COUNTY is a county in Tennessee, a governmental entity authorized under Tennessee law that performs governmental functions and duties.

**FACTS**

8. Defendant Sheriff ERIC WATSON on the public and governmental Facebook page for Bradley County Sheriff's Office ("BCSO") promotes and endorses one religion over others and censors speakers who ask him not to promote or endorse a particular religion or criticize departmental practices or procedures. The Facebook page invites comments from the public and allows their posts to be on the site so that other members of the public can read them.

9. While Defendant Sheriff ERIC WATSON operates the local jail, investigates certain crimes, and performs other duties and functions of a Sheriff, Defendant BRADLEY COUNTY funds a substantial part of the Sheriff Office's operations and approves his budget. The Sheriff is a law enforcement officer with authority to investigate crimes, make arrests and carry out other criminal enforcement authority.

10. Defendant Sheriff ERIC WATSON operates, maintains, created or contributes to a governmental Facebook page, namely https://www.facebook.com/Bradley-County-Sheriffs-Office-146357125387104/.

11. This Facebook page contains posts about matters of public interest including about crime in the county, Amber Alerts, neighborhood watches and other matters relating to the Defendant Sheriff ERIC WATSON in his role and duties as Sheriff. Exhibits B, C, G, and Collective Exhibit D to the Complaint.

Exhibit B and Collective Exhibit D to the Complaint are filed as "Collective Attachment C" under seal in the "Motion for Individual Plaintiff to Proceed as Jane Doe, a Pseudonym, and for Her Identity, Name, and the Verification to the Complaint be Sealed and Remain Sealed."

12. In several places on this Facebook page, next to the Sheriff Office's badge, are the words "Bradley County Sheriff's Office." Exhibit A to the Complaint is a true and exact printed page of this website.

13. Exhibit A is a post from the Sheriff's Office Facebook page dated on or about March 27, 2016. In the largest font on that page, the headline reads, "He Is

4

Risen." The "He" refers to Jesus. Underneath this headline, the Sheriff wrote or sanctioned the writing that the day is special far beyond "special services" and Easter egg hunts, hitting his main point: "Jesus die[d] on the cross for our sins" and "rose" from the dead and cited verses from the Bible, with a link to the scripture verses.

14. The Defendant Sheriff ERIC WATSON's message, as set forth in Exhibit A, in pertinent parts, reads as follows:

> Today is one of the most historic days, not only did Jesus die on the cross for our sins, but he rose on this day! Luke 24: 2-3 says "And they …

15. On March 27, 2016, Plaintiff AMERICAN ATHEISTS received a complaint from a Bradley County resident about the Defendant Sheriff ERIC WATSON's Easter message on the BCSO's Facebook page.

16. On March 28, 2016, Plaintiff AMERICAN ATHEISTS and its legal center emailed a letter to Defendant Sheriff ERIC WATSON explaining that the "He Is Risen" article evangelized Easter inappropriately on a governmental social media site. Exhibit E.

17. That same letter cited other instances where Defendant Sheriff ERIC WATSON used his position or the BCSO's Facebook page to evangelize and proselytize the Sheriff's faith. This letter resulted in a local newspaper article "Atheists Condemn Facebook Postings" on April 2, 2016.

18. On April 3, 2016, the Defendant Sheriff ERIC WATSON posted the newspaper article about Plaintiff AMERICAN ATHEISTS' March 28, 2016 on the BCSO's Facebook Page.

19. On April 4, 2016, Plaintiff AMERICAN ATHEISTS received complaints that comments on the newspaper article post that were "supportive of the atheist point of view and critical of the Sheriff's Office" were being deleted from the BCSO's Facebook page.

20. Plaintiff JANE DOE has two Facebook accounts. She uses one, which is a pseudonym, for games and commenting on social issues, and the second, which uses her real name, to communicate with family and friends.

21. On April 4, 2016, Plaintiff JANE DOE responded to the newspaper article post about the Plaintiff AMERICAN ATHEISTS' March 28, 2016, letter, using her pseudonym Facebook account, writing that while the Defendant Sheriff ERIC WATSON was free to promote his personal religious beliefs on his personal Facebook page he should not do so in his official capacity.

22. Shortly thereafter, Plaintiff JANE DOE's comment urging the Defendant Sheriff ERIC WATSON not to use the BCSO's Facebook page to promote his religion in response to the newspaper article was deleted.

23. On April 5, 2016, Plaintiffs AMERICAN ATHEISTS sent a second letter to Defendant Sheriff ERIC WATSON warning that deleting comments was censorship. Exhibit F.

24. The BCSO's Facebook page clearly invites the public to comment. Exhibit H, for instance, has a section marked "Visitor Posts."

25. At Exhibit D, others who posted on the BCSO's Facebook page claim that their comments were deleted because the comments were critical of the Defendant Sheriff ERIC WATSON, the Sheriff's religion, or his policies.

26. When the Defendant Sheriff ERIC WATSON disagrees with comments of a particular post on the BCSO's Facebook page, he or the staff of the BCSO often deletes the post.

27. On April 5, 2016, Plaintiff JANE DOE, revealing her real name, talked to the Bradley County Mayor's assistant, Lindsay Hathcock, about the BCSO deleting the posts JANE DOE made on the BCSO's Facebook page using her pseudonym account and blocking completely her ability to comment on the BCSO's Facebook page with her pseudonym account. Mr. Hathcock told Plaintiff JANE DOE that he would look into the problem.

28. Later that day, April 5, 2016, the BCSO then blocked Plaintiff JANE DOE's second Facebook account, which uses her real name, from posting on the BCSO's Facebook page despite Plaintiff JANE DOE having never used that account to comment previously on the BCSO's Facebook page.

29. On April 6, 2016, Plaintiff JANE DOE spoke to Arnold Botts, BCSO's director of administration, and informed him that her accounts had been blocked and requested that her access to the BCSO's Facebook page be restored. Within

7

several hours, Plaintiff JANE DOE's ability to comment on the BCSO's Facebook page was restored to her second Facebook account, the one with her real name.

30. Exhibit B and Collective Exhibit D show that Plaintiff JANE DOE used her real identity to comment on the BCSO's Facebook Page and that on or about April 16, 2016, Plaintiff JANE DOE's comments are being deleted from the Facebook Page.

31. Plaintiff JANE DOE, is still blocked from commenting on the BCSO's Facebook page with regard to her pseudonym account.

32. On or about April 16, 2016, Plaintiff JANE DOE wrote on the BCSO's Facebook page visitor posts section, that the Defendant Sheriff ERIC WATSON was blocking and deleting comments on his government Facebook page with which the Sheriff disagreed. Her posts were deleted by or through the Defendant Sheriff ERIC WATSON or the BCSO. Exhibit B and Collective Exhibit D.

## VIOLATIONS OF THE LAW

33. Plaintiffs bring this action under 42 U.S.C. § 1983 and § 1988.

34. Section 1983 of title 42 of the United States Code provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

35. Within the meaning of § 1983, Defendant Sheriff ERIC WATSON and Defendant BRADLEY COUNTY are "persons."

36. Within the meaning of § 1983, each Defendant has acted under color of law, or "any statute, ordinance, custom or usage of any State" and subjected or caused to be subjected each Plaintiff, who are each citizens of the United States or are subject to the jurisdiction of the United States, to the "deprivation of rights, privileges or immunities secured by the Constitution and laws."

37. Defendant deprived Plaintiffs' rights secured by the Constitution, namely the First Amendment.

38. The First Amendment to the United States Constitution, in pertinent part, provides as follows:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech …

39. The First Amendment applies to the States, the Sheriff ERIC WATSON and BRADLEY COUNTY, against whom its provisions are enforceable.

40. Defendant Sheriff promoted or furthered, or attempted to establish or established a particular religion, the Christian religion, by his acts set forth herein.

41. Defendant Sheriff abridged the freedom of speech of Plaintiff JANE DOE, other citizens or persons and Plaintiff AMERICAN ATHEISTS.

42. Defendant Sheriff's actions in suppressing speech are overbroad, overreaching, and are oppressive and demeaning to Plaintiffs and other citizens with whom he disagrees.

43. Defendant Sheriff ERIC WATSON's acts violated Plaintiffs' rights under the First Amendment, which applies to both him and BRADLEY COUNTY through the Fourteenth Amendment.

44. Defendant BRADLEY COUNTY participated in these violations by learning about them and intentionally taking no action to correct them, thereby continuing a course of conduct to violate the Plaintiffs' constitutional and statutory rights.

## INJURY AND DAMAGES

45. Defendant Sheriff still continues to censor and delete the free speech of members of the public and Plaintiff JANE DOE and has a history of promoting his own religious views on government websites.

46. These violations of the law and the Constitution legally and proximately caused, and continue to cause, injury and damages to Plaintiffs.

47. These acts and practices – promoting and endorsing one religion or religious tradition over another and censoring and deleting posts that disagree with the Sheriff's personal religious beliefs and silencing those who disagree with the Sheriff over religion or other matters – has caused damage and injury to Plaintiff JANE DOE and Plaintiff AMERICAN ATHEISTS, its members, and the ideas for which the organization stands.

48. The actions of Defendant Sheriff – and Defendant BRADLEY COUNTY though aware of this blatantly unconstitutional conduct – and not taking

measures to stop it has the effect of silencing the Sheriff's critics and promoting the Sheriff's religious practices.

49. The actions by Defendant Sheriff have caused Plaintiff JANE DOE and Plaintiff AMERICAN ATHEISTS and certain of its members to suffer loss of sleep, worry, and feel concerned. Plaintiff AMERICAN ATHEISTS has received threats.

50. Defendant BRADLEY COUNTY's action in knowing about the conduct by the Sheriff and not taking action to stop or cure it constitutes one if its policies, practices or procedures and it looks askance at this unconstitutional conduct.

**INJUNCTIVE RELIEF: TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION**

51. The actions of Defendants have caused and are causing immediate and irreparable injury, loss or damage, to Plaintiff JANE DOE and to Plaintiff AMERICAN ATHEISTS, namely, continuing violations of the First Amendment as set forth herein, which have and are continuing in spite of warning letters from Plaintiff AMERICAN ATHEISTS and comments posted on the Sheriff's website or Facebook site. Plaintiffs have no adequate remedy at law, seek redress from this Court, and the granting of injunctive relief is in the public interest.

52. Plaintiffs' counsel certifies that he has sent a letter by facsimile to both the Sheriff of Bradley County and the County Mayor and provided a copy of this suit (before filing) and that he has placed calls to their telephone numbers advising each that he was filing this lawsuit and seeking a TRO. A copy of the letters are attached as Exhibit I.

53. Plaintiffs have established the requirements in law or equity for a temporary restraining order, preliminary and permanent injunctive relief.

WHEREFORE, premises considered, Plaintiffs pray for the following relief:

1. That process issue and that Defendants be served.

2. That based upon the Verified Complaint attached to the Motion for the Individual Plaintiff to Proceed as JANE DOE" (said attachment and Verification filed under seal), the Court find that the Plaintiffs have met the requirements of a Temporary Restraining Order (TRO) and that the Court enter a TRO enjoining and restraining Defendant Sheriff as well as his Department and Office and his deputies, officers, employees, managers, staff, agents, independent contractors, assigns, successors and those acting or purporting to act on his or their behalf or the Sheriff's or his department's direction, from, directly or indirectly –

   (i) Promoting, advancing or furthering any religious doctrine or religion on Defendant Sheriff's website or Facebook site;

   (ii) Not promote his personal religious beliefs on his governmental website, social media or Facebook site;

   (iii) Not favor one religion over another on his governmental website, social media or Facebook site.

   (iv) Remove each reference to personal religion and Easter on said website, Facebook or social media;

> (v) Unless obscene or involves a direct security or safety threat, not to censor any comment by any Plaintiff on governmental website, social media or Facebook site;
>
> (vi) Restore to Plaintiff JANE DOE the right to comment on Defendant Sheriff's public or governmental website and not delete her comments; and
>
> (vii) Not to delete or block any comment or post by Plaintiff JANE DOE on any of the Sheriff's public or governmental websites, Facebook pages, or other social media sites.

AND, as to Defendant BRADLEY COUNTY,

> (viii) Not advancing, assisting or aiding Defendant Sheriff or his office or Department in violating (i) – (vii) above or not acting to remedy these violations by the Sheriff.

3. That the Court combine the preliminary hearing and trial on the merits and set the hearing within fourteen days after entering a TRO.

4. That the Court order discovery -- written, electronic, oral or otherwise – to be expedited.

5. That the Court enter Preliminary and Permanent Injunctions enjoining the acts set forth in this Prayer for Relief, Paragraphs 2 (i) – (viii) and for any other acts or omissions related thereto for the purpose of fully enforcing Plaintiffs' rights secured by the First Amendment.

6. That the Court find that Defendants violated Plaintiffs' First Amendment rights, that the First Amendment applies to Defendants through the Fourteenth Amendment, and that Defendants violated 42 U.S.C. § 1983.

7. That the Court award each Plaintiff monetary damages for the injuries that each sustained as a result of these violations.

8. That the Court award Plaintiffs a reasonable attorney's fees, costs and other expenses as permitted by 42 U.S.C. § 1988 or other applicable law.

9. That the Court grant Plaintiffs such further and additional relief as law and equity permit and which justice requires.

Respectfully submitted,

/s Perry A. Craft
Perry A. Craft, BPR # 006056
Law Office of Perry A. Craft, PLLC
211 Donelson Pike, Ste. 109
Nashville, Tennessee 37214
Telephone: (615) 953-3808
Facsimile: (615) 792-6292

Plaintiff's VERIFICATION was sworn to and filed as "ATTACHMENT B" to "**MOTION FOR INDIVIDUAL PLAINTIFF TO PROCEED AS JANE DOE, A PSEUDONYM, AND FOR HER IDENTITY, NAME AND THE VERIFICATION TO THE COMPLAINT BE SEALED AND REMAIN SEALED**"